**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Phyllis A. Engleson,

Plaintiff,

v.

Little Falls Area Chamber of Commerce, a Minnesota non-profit corporation, and City of Little Falls, a Minnesota municipal corporation,

Defendants.

Civil No. 01-1072 (DWF/RLE)

**ORDER AND MEMORANDUM**

---

Terence G. O'Brien, Jr., Esq., and George L. May, Esq., May Law Office, 204 Sibley Street, Suite 202, Hastings, Minnesota 55033, counsel for Plaintiff.

James C. Erickson, Esq., Jensen Bell Converse & Erickson, 1500 Minnesota World Trade Center, 30 Seventh Street East, Saint Paul, Minnesota 55101, counsel for Defendant Little Falls Area Chamber of Commerce.

John E. Hennen, Esq., League of Minnesota Cities Insurance Trust, 145 University Avenue West, Saint Paul, Minnesota 55103, counsel for Defendant City of Little Falls.

---

This matter is before the Court upon Plaintiff's appeal of Magistrate Judge Raymond L. Erickson's order dated June 10, 2002, denying Plaintiff's motion to extend dates to disclose experts. The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).

The Court finds that Magistrate Judge Erickson's order of June 10, 2002, is neither clearly erroneous nor contrary to law.

JUN 2 7 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Based upon the memorandums and submissions of the parties; the Court having reviewed the contents of the files, records, and proceedings herein; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Magistrate Judge Raymond L. Erickson's order of June 10, 2002 (Doc. No. 14) is **AFFIRMED** in its entirety.

2. Plaintiff's appeal is **DISMISSED**.

Dated: June 27, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

At the outset, the Court notes that any appeal of Magistrate Judge Erickson's original pretrial scheduling order is untimely. The parties submitted a joint proposed scheduling order stipulating to a deadline for disclosure of expert witnesses; but Judge Erickson declined to adopt that deadline and, rather, moved those dates up. Plaintiff now suggests that Judge Erickson's disregard of the parties' stipulated deadline was in error. However, Judge Erickson filed the scheduling order setting the deadline for disclosure of experts on October 31, 2001. To the extent that that order was in error, Plaintiff had an obligation to bring an appeal within 10 days of October 21, 2001. It is entirely too late, in June of 2002, to challenge the propriety of the original scheduling order.

That said, the Court turns to Judge Erickson's decision that Plaintiff has not shown "good cause" to justify modification of the scheduling order to extend the deadline for disclosure of expert witnesses.

According to the Plaintiff, Defendants provided substantial discovery in late 2001 and continued to supplement that discovery through May 3, 2002. Among the subjects of discovery sought by the Plaintiff were specifications of the number, type, and placement of the traffic cones used by the Defendants to control pedestrian traffic. According to the Plaintiff, the exact number and placement of the cones was not determined until depositions of employees of the Defendants taken on April 26, 2002.

Under the terms of the scheduling order, Plaintiff was required to disclose all expert witnesses by March 1, 2002, and Defendants were required to disclose their experts by April 1, 2002. On March 1, 2002, Plaintiff notified Defendants of the identity of her medical expert and indicated that she might also call a traffic or crowd control expert, but she could not identify that other expert because he might have a conflict of interest. On April 2, 2002, Plaintiff identified a crowd control "expert" by the name of Thomas Azonie; Mr. Azonie owns and operates a security company which provides crowd control services for concerts and other events. Plaintiff did not provide a report from Mr. Azonie, however. Moreover, Plaintiff waited until May 15, 2002, to request an extension of time to disclose expert witnesses.

Plaintiff argues that there was good cause for her delay in disclosing Mr. Azonie because the initial scheduling order did not provide adequate time. Moreover, she argues that she did not have the necessary information to disclose the expert until January 14, at the earliest, and that she really did not get full and adequate information from the Defendants until April 26.

The Court agrees with Magistrate Judge Erickson's assessment that Plaintiff has not, in fact, shown good cause for the requested extension. As Judge Erickson aptly pointed out, the Plaintiff has known all along that she tripped over a traffic cone being used for crowd control. Accordingly, the Court cannot fathom–and Plaintiff does not explain–how Plaintiff could require

information from the Defendants to determine that an expert was necessary.[1] It is possible that Plaintiff did not have sufficient information from the Defendants to allow an expert to produce a thorough report, but Plaintiff did not even retain the expert until a month past the appropriate deadline. Moreover, to the extent that Plaintiff's expert needed information within the control of the Defendants in order to generate a report, Plaintiff knew the March 1 deadline was approaching and yet did not seek to compel Defendants to produce the necessary information in a timely manner. Finally, to the extent that Plaintiff was having difficulty contacting her expert, she nevertheless allowed the deadline to come and go yet did not seek relief from the Court until two and a half months after the deadline.

Finally, the Court notes that this matter is scheduled to be trial-ready on September 1 of this year. If the Court allows Plaintiff to add Mr. Azonie as an expert witness, the Court will further have to allow Mr. Azonie time to prepare a report, Defendants time to secure their own experts and the time for them to prepare their reports, and all parties time to depose all of the various experts. This will certainly result in delay of the case.

In short, the Court agrees with Magistrate Judge Erickson that the Plaintiff has shown absolutely no cause for an extension of time, and the Court will not impose further cost and delay upon the Defendants in the absence of good cause.

D.W.F.

---

[1] The Court, like Judge Erickson, questions whether an expert really is necessary. Plaintiff tripped over a traffic cone, an object with which virtually everyone is familiar. It strikes the Court that the jurors could adequately rely upon their own experience and common sense to determine whether the Defendants were negligent in placing the traffic cones where they did.