**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Phyllis A. Engleson,

Plaintiff,

v.

Little Falls Area Chamber of Commerce, a Minnesota non-profit corporation, and City of Little Falls, a Minnesota municipal corporation,

Defendants,

and

City of Little Falls,

Cross-Claimant,

v.

Little Falls Area Chamber of Commerce,

Cross-Defendant.

Civil No. 01-1072 (DWF/RLE)

**MEMORANDUM OPINION AND ORDER**

---

George L. May, Esq., and Terence G. O'Brien, Jr., Esq., May & O'Brien, 204 Sibley Street, Suite 202, Hastings, MN 55033, counsel for Plaintiff.

James C. Erickson, Esq., Jensen Bell Converse & Erickson, 1500 Minnesota World Trade Center, 30 Seventh Street East, St. Paul, MN 55101, counsel for Defendant and Cross-Defendant Little Falls Area Chamber of Commerce.

John E. Hennen, Esq., League of Minnesota Cities Insurance Trust, 145 University Avenue West, St. Paul, MN 55103, counsel for Defendant and Cross-Claimant City of Little Falls.

---

FILED NOV 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD NOV 26 2002
DEPUTY CLERK

## Introduction

The above-entitled matter is before the undersigned United States District Judge pursuant to Defendants' Motion for Summary Judgment. Plaintiff's action is a personal injury action brought against Defendants for injuries that she suffered at the Little Falls Area Arts & Crafts Fair. For the reasons set forth below, Defendants' motion is granted.

## Background

Plaintiff Phyllis A. Engleson ("Engleson") was injured on September 12, 1998, when she tripped over an orange traffic cone at the Little Falls Area Arts & Crafts Fair in Little Falls, Minnesota. Plaintiff Engleson brought this personal injury action against the Defendants, alleging that the Little Falls Area Chamber of Commerce ("Chamber of Commerce") and the City of Little Falls ("City") negligently placed traffic cones on the street and failed to warn her of their existence.

The Little Falls Area Arts & Crafts Fair has existed for more than 25 years. City Ordinance 65 creates a district for the Little Falls Area Arts & Crafts Fair. Approximately one thousand exhibitors and sixty food vendors sell goods at the fair, and approximately 100,000 patrons attend the event.

Before the arts and crafts fair in 1998, City staff and Chamber of Commerce officials met to discuss a city-wide traffic and safety plan for the fair. The plan involved allocation of various traffic control devices–traffic cones, barricades, and signage–at various points around the city. The meeting participants decided to place no parking signs and 150-160 orange cones to divide the street into areas for pedestrian traffic and areas for automobile traffic. The City used 28-inch-tall orange cones with reflective collars, the same cones it has used for many years at the

arts and crafts fair. The Chamber of Commerce collected 10 to 15 dollars per booth to give to the City to defray costs for the work of preparing the streets and placing the signs and cones. The City placed the signs and cones according to what it had done at previous arts and crafts fairs with respect to public safety and traffic flow considerations. Each day during the fair, six or seven cones were placed 60 feet apart on each side of the street on each block, about 10 feet from the curb.

Plaintiff Engleson fell within the designated area for the arts and crafts fair. After looking at the booths for approximately three hours, Plaintiff Engleson tripped on a cone and fell about midway down a block. Plaintiff noticed that automobiles and pedestrians shared the same street, but claims she did not see any traffic cones separating this traffic before she fell. Plaintiff Engleson had attended the arts and crafts fair twice prior to her visit in 1998.

Defendants claim that nothing obstructed Plaintiff Engleson's view from the traffic cones. Plaintiff Engleson claims that the large number of pedestrians walking in the vicinity of the cone made her unable to see the cone. Defendant City's Motion for Summary Judgment alleges that Plaintiff Engleson's claims are barred by statutory discretionary immunity pursuant to Minn. Stat. § 466.03, subd. 6, and recreational use immunity pursuant to Minn. Stat. § 466.03, subd. 6(e). Additionally, both Defendant City and Chamber of Commerce allege that Plaintiff's negligence claims fail because the traffic cone presented an open and obvious condition.

**Discussion**

**1. Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must

view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Fed. R. Civ. P. 1; *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

**2. Statutory Discretionary Immunity**

Defendant City alleges that it is immune from Plaintiff's claims under statutory discretionary immunity, pursuant to Minn. Stat. § 466.03, subd. 6. The statute provides that municipalities are immune from liability regarding, "[a]ny claim based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused." Minn. Stat. § 466.03, subd. 6. The Court agrees that Defendant City performed a discretionary function or duty when it chose to use orange traffic cones to separate pedestrians and vehicles at the Little Falls Area Arts & Crafts Fair.

In order to invoke statutory discretionary immunity, Defendant City must demonstrate that the decision to use orange traffic cones to separate traffic was of a policy-making nature involving social, political, or economic considerations, rather than merely professional or scientific judgments. *Steinke v. City of Andover*, 525 N.W.2d 173, 175 (Minn. 1994); *Nusbaum v. County of Blue Earth*, 422 N.W.2d 713, 722 (Minn. 1988). Statutory discretionary immunity applies to conduct at a planning level because it ordinarily involves policy considerations, but not conduct made at an operational level because it is less likely to involve policy-making decisions. *Id.* It is not the role of the courts to second-guess policy decisions that involve political, economic, and social considerations, "including consideration of safety issues, financial burdens, and possible legal consequences." *Watson v. Metropolitan Transit Commission*, 553 N.W.2d 406, 412 (Minn. 1996).

The Court finds that the Defendant City's decision to use orange traffic cones to separate traffic was a planning decision that involved social, political, and economic considerations. Little Falls City officials such as the Chief of Police and city services, as well as members of the Chamber of Commerce, attend a meeting every year prior to the Arts & Crafts Fair for planning purposes. At the 1998 meeting, as at all such meetings, traffic issues were discussed.

Although the Defendant City consistently uses a similar traffic plan from year to year consisting of orange traffic cones, barricades and no-parking signs, the decision of where to place those various traffic control devices is made anew each year. Any changes involving the placement of the traffic markers are made on a map, and then implemented by the individuals responsible for placing the traffic markers. Because the Defendant City meets to consider a general traffic plan every year, the decision of whether and where to use orange traffic cones is a

part of that plan, and the plan necessarily involves public safety and traffic flow considerations, the City is entitled to statutory discretionary immunity, and summary judgment on this claim is appropriate.

### 3. Open and Obvious

Defendants City and Chamber of Commerce claim that they owed no duty to Plaintiff Engleson because the orange traffic cones were open and obvious. A party owes no duty to an entrant when a hazard is obvious or known to the entrant as a matter of law.[1] *Lawrence v. Hollerich*, 394 N.W.2d 853, 856 (Minn. Ct. App. 1986) (landowner did not breach duty of care when guest fell down a steep hillside, because the hill was obviously treacherous); *Baber v. Dill*, 531 N.W.2d 493 (Minn. 1995) (landowner had no duty to warn employee about danger created by rods because the conditions were known and obvious); *Sperr v. Ramsey County*, 429 N.W.2d 315, 317-18 (Minn. Ct. App. 1988) (holding that no duty exists to protect pedestrian from low hanging branch that is clearly visible). However, the landowner may have a duty to warn an invitee of a danger despite obviousness when the landowner should anticipate or foresee harm. *Sperr*, 429 N.W.2d at 317. The test for obviousness is an objective test that examines whether the danger was in fact visible, rather than whether the injured party actually saw the danger. *Munoz v. Applebaum's Food Market, Inc.*, 293 N.W.2d 921, 922 (1972).

The Court finds that the orange traffic cones were open and obvious as a matter of law because they were placed on the streets and in fact visible. Indeed, the cones are bright orange in

---

[1] Plaintiff Engleson alleges that the question of whether the traffic cones were open and obvious is a question of fact for the jury to decide. Plaintiff cites cases supporting her position, but the Court finds that these are minority cases in Minnesota. *See Hanson v. Christensen*, 145 N.W.2d 868 (Minn. 1966); *Rinn v. Minnesota State Agricultural Society*, 611 N.W.2d 361 (Minn. Ct. App. 2000).

order to make them obvious. Moreover, the Court also finds that the Defendants could not have anticipated harm from the cones because traffic cones are, themselves, warning markers. Therefore, the Defendants had no duty to warn of their existence. Defendants are entitled to summary judgment on this claim.

**4. Conclusion**

The Court finds that Defendant City is entitled to summary judgment because it is immune from liability under statutory discretionary immunity, pursuant to Minn. Stat. § 466.03, subd. 6. Even if the City were not entitled to statutory discretionary immunity, the Court further finds that Defendants City and Chamber of Commerce are entitled to summary judgment because the orange traffic cones were open and obvious as a matter of law.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Defendants' Motions for Summary Judgment (Doc. Nos. 21, 24 and 29) are **GRANTED** and the **COMPLAINT** is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 26, 2002

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*