**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Phyllis A. Engleson,

Plaintiff,

v.

Little Falls Area Chamber of Commerce, a Minnesota non-profit corporation, and City of Little Falls, a Minnesota municipal corporation,

Defendants,

and

City of Little Falls,

Cross-Claimant,

v.

Little Falls Area Chamber of Commerce,

Cross-Defendant.

Civil No. 01-1072 (DWF/RLE)

**ORDER FOR PAGE SUBSTITUTION**

---

George L. May, Esq., and Terence G. O'Brien, Jr., Esq., May & O'Brien, 204 Sibley Street, Suite 202, Hastings, MN 55033, counsel for Plaintiff.

James C. Erickson, Esq., Jensen Bell Converse & Erickson, 1500 Minnesota World Trade Center, 30 Seventh Street East, St. Paul, MN 55101, counsel for Defendant and Cross-Defendant Little Falls Area Chamber of Commerce.

John E. Hennen, Esq., League of Minnesota Cities Insurance Trust, 145 University Avenue West, St. Paul, MN 55103, counsel for Defendant and Cross-Claimant City of Little Falls.

---

NOV 27 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Clerk of Court or his designee is hereby directed to substitute the attached page 6 for the original page 6 in the Court's Memorandum Opinion and Order (Doc. No. 31) signed and filed on November 26, 2002.

Dated: November 27, 2002

DONOVAN W. FRANK
Judge of United States District Court

part of that plan, and the plan necessarily involves public safety and traffic flow considerations, the City is entitled to statutory discretionary immunity, and summary judgment on this claim is appropriate.

**3. Open and Obvious**

Defendants City and Chamber of Commerce claim that they owed no duty to Plaintiff Engleson because the orange traffic cones were open and obvious. A party owes no duty to an entrant when a hazard is obvious or known to the entrant as a matter of law.[1] *Lawrence v. Hollerich*, 394 N.W.2d 853, 856 (Minn. Ct. App. 1986) (landowner did not breach duty of care when guest fell down a steep hillside, because the hill was obviously treacherous); *Baber v. Dill*, 531 N.W.2d 493 (Minn. 1995) (landowner had no duty to warn employee about danger created by rods because the conditions were known and obvious); *Sperr by Sperrv. Ramsey County*, 429 N.W.2d 315, 317-18 (Minn. Ct. App. 1988) (holding that no duty exists to protect pedestrian from low hanging branch that is clearly visible). However, the landowner may have a duty to warn an invitee of a danger despite obviousness when the landowner should anticipate or foresee harm. *Sperr*, 429 N.W.2d at 317. The test for obviousness is an objective test that examines whether the danger was in fact visible, rather than whether the injured party actually saw the danger. *Munoz v. Applebaum's Food Market, Inc.*, 196 N.W.2d 921, 922 (1972).

The Court finds that the orange traffic cones were open and obvious as a matter of law because they were placed on the streets and in fact visible. Indeed, the cones are bright orange in

---

[1] Plaintiff Engleson alleges that the question of whether the traffic cones were open and obvious is a question of fact for the jury to decide. Plaintiff cites cases supporting her position, but the Court finds that these are minority cases in Minnesota. *See Hanson v. Christensen*, 145 N.W.2d 868 (Minn. 1966); *Rinn v. Minnesota State Agric. Soc'y*, 611 N.W.2d 361 (Minn. Ct. App. 2000).